UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____x
ABETH HASHIMI,

                Plaintiff,               Case No._____

-v-

                                        **COMPLAINT**

BRASERO RESTAURANT, INC.,

                Defendant.
_____x

       Plaintiff, Abeth Hashimi, by his undersigned counsel, hereby files this Complaint and

sues, Brasero Restaurant, Inc., for injunctive relief pursuant to the Americans with Disabilities

Act, 42 U.S.C. § 12181, et seq., (hereinafter the "A.D.A") and the ADA's Accessibility

Guidelines, 28 C.F.R. Part 36 (hereinafter the "ADAAG").

**JURISDICTION**

       1.      This Court has original jurisdiction over the action pursuant to 28 U.S.C., §§1331

and 1343 for Plaintiff's claims arising under 42 U.S.C. § 12181. et seq., based upon

Defendant's violations of Title III of the ADA (see also, 28 U.S.C. §§ 2201 and 2202).

       2.      Plaintiff, Abeth Hashimi, currently resides in Flushing, New York, and is *sui*

*juris*. He is a qualified individual with disabilities under the ADA law. Abeth suffers from

central nuclear myopathy. Central Nuclear Myopathy is a congenital neuromuscular disorder. It

is characterized as a defect in the cell structure of voluntary muscles. As a result Abeth is bound

to ambulate in a wheelchair. He has visited the property, which forms the basis of this lawsuit

and plan to return to the property to avail himself of the goods and services offered to the public

at the property, and to determine whether the property has been made ADA compliant. His

access to the facility and/or full and equal enjoyment of the goods, services, facilities, privileges,

advantages, and/or accommodations offered therein was denied and/or limited because of these disabilities, and will be denied and/or limited in the future unless and until Defendant is compelled to remove the physical barriers to access and ADA violations which exist at the facility, including but not limited, to those set forth in the Complaint.

3.     Defendant, Brasero Restaurant Inc., is a domestic corporation and transacts business in the State of New York and within this judicial district. Defendant is the lessee of the premises located at 627 2nd Ave, New York, NY 10016, and the owner/operator at the premises.

4.     The Defendant's Facility is a public accommodation and service establishment, and although required by law to do so, it is not in compliance with the ADA and ADAAG.

5.     In this instance, Plaintiff visited the Facility and encountered barriers to access at the Facility, engaged barriers, suffered legal harm and injury, and will continue to suffer legal harm and injury as a result of the illegal barriers to access as set forth herein.

6.     Plaintiff has suffered and continues to suffer direct and indirect injury as a result of the ADA violations that exist at the Facility.

7.     All events giving rise to this lawsuit occurred in the State of New York. Venue is proper in this Court as the premises are located in the Southern District.

**FACTUAL ALLEGATIONS AND CLAIM**

8.     Plaintiff has attempted to access the facility, but could not do so without severe hardship, because of his disabilities, and the physical barriers to access and ADA violations that exist at the Facility, which restrict and/or limit his access to the goods and services offered at the Facility. The ADA violations are more specifically set forth in this Complaint.

9.     Plaintiff intends to visit the Facility again in the near future in order to utilize all of the goods and services offered therein but will be unable to do so because of the physical

barriers to access, dangerous conditions and ADA violations that exist at the facility that restrict and/or limit his access to the facility, including those barriers conditions and ADA violations more specifically set forth in this Complaint.

10.     Defendant has discriminated against Plaintiff and others with disabilities by denying access to, and full and equal enjoyment of the goods and services of the facility, as prohibited by 42 U.S.C., § 12182, *et.seq.*, and by failing to remove architectural barriers as required by 42 U.S.C., § 12182(b)(2)(A)(iv), and will continue to discriminate against Plaintiff and others with disabilities unless and until Defendants are compelled to remove all physical barriers that exist at the facility, including those specifically set forth herein, and make the facility accessible to and usable by persons with disabilities, including Plaintiff.

11.     Defendant has discriminated against Plaintiff by failing to comply with the above requirements. A specific, although not exclusive, list of unlawful physical barriers, dangerous conditions and ADA violations, which preclude and/or limit Plaintiff's ability to access the Facility and full and equal enjoyment of the goods, services offered at the Facility include:

   I.     INACCESSIBLE ENTRANCE. ACCESSIBLE ROUTE TO ESTABLISHMENT NOT PROVIDED AS REQUIRED. ACCESSIBLE MEANS OF EGRESS NOT PROVIDED AS REQUIRED. EXISTING STEP AT ENTRANCE ACTS AS A BARRIER TO ACCESSIBILITY. REQUIRED RAMP NOT PROVIDED FOR STEP AT ENTRANCE DOOR.
   a.  ADAAG 206 Accessible Routes ADAAG 206.1 General.  Accessible routes shall be provided in accordance with 206 and shall comply with Chapter 4. ADAAG 206.2 Where Required.  Accessible routes shall be provided where required by 206.2. ADAAG 206.2.1 Site Arrival Points.  At least one accessible route shall be provided within the site from accessible parking spaces and accessible passenger loading zones; public streets and sidewalks; and public transportation stops to the accessible building or facility entrance they serve. ADAAG 206.4 Entrances.  Entrances shall be provided in accordance with 206.4. Entrance doors, doorways, and gates shall comply with 404 and shall be on an accessible route complying with 402. ADAAG 206.4.1 Public Entrances.  In addition to entrances required by 206.4.2 through

206.4.9, at least 60 percent of all public entrances shall comply with 404. ADAAG 207 Accessible Means of Egress ADAAG 207.1 General.  Means of egress shall comply with section 1003.2.13 of the International Building Code (2000 edition and 2001 Supplement) or section 1007 of the International Building Code (2003 edition) (incorporated by reference, "Referenced Standards" in Chapter 1). ADAAG 303.4 Ramps.  Changes in level greater than ½ inch high shall be ramped, and shall comply with 405 or 406.

II. REQUIRED MINIMUM MANEUVERING CLEARANCE NOT PROVIDED AT ENTRANCE DOOR.  NON-COMPLIANT CHANGE IN FLOOR LEVEL WITHIN REQUIRED MANEUVERING CLEARANCE AT ENTRANCE DOOR.

a. ADAAG 404.2.4 Maneuvering Clearances.  Minimum maneuvering clearances at doors and gates shall comply with 404.2.4.  Maneuvering clearances shall extend the full width of the doorway and the required latch side or hinge side clearance. ADAAG 404.2.4.4 Floor or Ground Surface.  Floor or ground surface within required maneuvering clearances shall comply with 302.  Changes in level are not permitted.

III. INACCESSIBLE DINING TABLES. REQUIRED MINIMUM KNEE AND TOE CLEARANCE NOT PROVIDED AT DINING TABLES. A MINIMUM PERCENTAGE OF EXISTING DINING TABLES REQUIRED TO BE ACCESSIBLE NOT PROVIDED.

a. ADAAG 226 Dining Surfaces and Work Surfaces ADAAG 226.1 General.  Where dining surfaces are provided for the consumption of food or drink, at least 5 percent of the seating spaces and standing spaces at the dining surfaces shall comply with 902. ADAAG 902 Dining Surfaces and Work Surfaces ADAAG 902.1 General.  Dining surfaces and work surfaces shall comply with 902.2 and 902.3. ADAAG 902.2 Clear Floor or Ground Space.  A clear floor space complying with 305 positioned for a forward approach shall be provided.  Knee and toe clearance complying with 306 shall be provided. ADAAG 306.2 Toe Clearance. ADAAG 306.2.3 Minimum Required Depth.  Where toe clearance is required at an element as part of a clear floor space, the toe clearance shall extend 17 inches (430 mm) minimum under the element. ADAAG 306.2.5 Width.  Toe clearance shall be 30 inches (760 mm) wide minimum.  ADAAG 306.3 Knee Clearance. ADAAG 306.3.3 Minimum Required Depth. Where knee clearance is required under an element as part of a clear floor space, the knee clearance shall be 11 inches deep minimum at 9 inches above the ground, and 8 inches deep minimum at 27 inches (685 mm) above the finish floor or ground. ADAAG 306.3.5 Width. Knee clearance shall be 30 inches (760 mm) wide minimum.

IV. INACCESSIBLE BAR.
NON-COMPLIANT HEIGHT OF BAR EXCEEDS MAXIMUM HEIGHT ALLOWANCE.

REQUIRED MINIMUM KNEE AND TOE CLEARANCE NOT PROVIDED AT BAR. PORTION (5%) OF BAR REQUIRED TO BE ACCESSIBLE NOT PROVIDED.

    a.   ADAAG 226 Dining Surfaces and Work Surfaces ADAAG 226.1 General.  Where dining surfaces are provided for the consumption of food or drink, at least 5 percent of the seating spaces and standing spaces at the dining surfaces shall comply with 902. ADAAG 902 Dining Surfaces and Work Surfaces ADAAG 902.1 General.  Dining surfaces and work surfaces shall comply with 902.2 and 902.3. Advisory 902.1 General. Dining surfaces include, but are not limited to, bars, tables, lunch counters, and boothS. ADAAG 902.2 Clear Floor or Ground Space. A clear floor space complying with 305 positioned for a forward approach shall be provided.  Knee and toe clearance complying with 306 shall be provided. ADAAG 902.3 Height.  The tops of dining surfaces and work surfaces shall be 28 inches (710 mm) minimum and 34 inches (865 mm) maximum above the finish floor or ground. ADAAG 306.2 Toe Clearance. ADAAG 306.2.3 Minimum Required Depth.  Where toe clearance is required at an element as part of a clear floor space, the toe clearance shall extend 17 inches (430 mm) minimum under the element. ADAAG 306.2.5 Width.  Toe clearance shall be 30 inches (760 mm) wide minimum. ADAAG 306.3 Knee Clearance. ADAAG 306.3.3 Minimum Required Depth.  Where knee clearance is required under an element as part of a clear floor space, the knee clearance shall be 11 inches deep minimum at 9 inches above the ground, and 8 inches deep minimum at 27 inches (685 mm) above the finish floor or ground. ADAAG 306.3.5 Width. Knee clearance shall be 30 inches (760 mm) wide minimum.

V.    COMPLIANT SIGNAGE IDENTIFYING THE RESTROOM NOT PROVIDED AS REQUIRED.

    a.   ADAAG 216 Signs ADAAG 216.1 General.  Signs shall be provided in accordance with 216 and shall comply with 703. ADAAG 216.2 Designations.  Interior and exterior signs identifying permanent rooms and spaces shall comply with 703.1, 703.2, and 703.5.  Where pictograms are provided as designations of permanent interior rooms and spaces, the pictograms shall comply with 703.6 and shall have text descriptors complying with 703.2 and 703.5. Advisory 216.2 Designations.  Section 216.2 applies to signs that provide designations, labels, or names for interior rooms or spaces where the sign is not likely to change over time.  Examples include interior signs labeling restrooms, room and floor numbers or letters, and room names. Tactile text descriptors are required for pictograms that are provided to label or identify a permanent room or space. Pictograms that provide information about a room or space, such as "no smoking," occupant logos, and the International Symbol of Accessibility, are not required to have text descriptors. ADAAG 703.1 General.  Signs shall comply with 703.  Where both visual and tactile characters are required, either

one sign with both visual and tactile characters, or two separate signs, one with visual, and one with tactile characters, shall be provided. ADAAG 703.4.1 Height Above Finish Floor or Ground. Tactile characters on signs shall be located 48 inches (1220 mm) minimum above the finish floor or ground surface, measured from the baseline of the lowest tactile character and 60 inches (1525 mm) maximum above the finish floor or ground surface, measured from the baseline of the highest tactile character. ADAAG 703.4.2 Location. Where a tactile sign is provided at a door, the sign shall be located alongside the door at the latch side. Where a tactile sign is provided at double doors with one active leaf, the sign shall be located on the inactive leaf. Where a tactile sign is provided at double doors with two active leafs, the sign shall be located to the right of the right hand door. Where there is no wall space at the latch side of a single door or at the right side of double doors, signs shall be located on the nearest adjacent wall. Signs containing tactile characters shall be located so that a clear floor space of 18 inches (455 mm) minimum by 18 inches (455 mm) minimum, centered on the tactile characters, is provided beyond the arc of any door swing between the closed position and 45 degree open position.

VI.  **INACCESSIBLE RESTROOM. REQUIRED MINIMUM CLEAR WIDTH NOT PROVIDED AT OPENING OF RESTROOM DOOR.**

    a. ADAAG 404.2.3 Clear Width. Door openings shall provide a clear width of 32 inches (815 mm) minimum. Clear openings of doorways with swinging doors shall be measured between the face of the door and the stop, with the door open 90 degrees.

VII.  **REQUIRED MINIMUM MANEUVERING CLEARANCE NOT PROVIDED AT RESTROOM DOOR.**

    a. ADAAG 404.2.4 Maneuvering Clearances. Minimum maneuvering clearances at doors and gates shall comply with 404.2.4. Maneuvering clearances shall extend the full width of the doorway and the required latch side or hinge side clearance.

VIII.  **NON-COMPLIANT KNOB AT RESTROOM DOOR REQUIRES TWISTING OF THE WRIST.**

    a. ADAAG 404.2.7 Door and Gate Hardware. Handles, pulls, latches, locks, and other operable parts on doors and gates shall comply with 309.4 ADAAG 309.4 Operation. Operable parts shall be operable with one hand and shall not require tight grasping, pinching, or twisting of the wrist. The force required to activate operable parts shall be 5 pounds maximum.

IX.  **NON-COMPLIANT LOCK AT RESTROOM DOOR REQUIRES TWISTING OF THE WRIST.**

    a. ADAAG 404.2.7 Door and Gate Hardware. Handles, pulls, latches, locks, and other operable parts on doors and gates shall comply with 309.4 ADAAG 309.4 Operation. Operable parts shall be operable with one hand and shall not require tight grasping, pinching, or

twisting of the wrist.  The force required to activate operable parts shall be 5 pounds maximum.

X. REQUIRED MINIMUM CLEAR WIDTH NOT PROVIDED AT TRAVEL PATH FROM RESTROOM DOOR TO FIXTURES.
   a. ADAAG 403.5.1 Clear Width.  Except as provided in 403.5.2 and 403.5.3, the clear width of walking surfaces shall be 36 inches (915 mm) minimum.

XI. REQUIRED MINIMUM TURNING SPACE NOT PROVIDED IN RESTROOM.
   a. ADAAG 603 Toilet and Bathing Rooms ADAAG 603.1 General. Toilet and bathing rooms shall comply with 603. ADAAG 603.2 Clearances.  Clearances shall comply with 603.2. ADAAG 603.2.1 Turning Space.  Turning space complying with 304 shall be provided within the room. ADAAG 304.3.1 Circular Space.  The turning space shall be a space of 60 inches (1525 mm) diameter minimum.  The space shall be permitted to include knee and toe clearance complying with 306.

XII. INACCESSIBLE LAVATORY IN RESTROOM. REQUIRED MINIMUM CLEAR FLOOR SPACE NOT PROVIDED AT LAVATORY IN RESTROOM.
   a. ADAAG 606 Lavatories and Sinks ADAAG 606.2 Clear Floor Space. A clear floor space complying with 305, positioned for a forward approach, and knee and toe clearance complying with 306 shall be provided. ADAAG 305.3 Size.  The clear floor or ground space shall be 30 inches (760 mm) minimum by 48 inches (1220 mm) minimum.

XIII. NON-COMPLIANT FAUCET KNOBS AT LAVATORY IN RESTROOM REQUIRE TWISTING OF THE WRIST.
   a. ADAAG 606.4 Faucets.  Controls for faucets shall comply with 309. Hand-operated metering faucets shall remain open for 10 seconds minimum. ADAAG 309 Operable Parts ADAAG 309.4 Operation. Operable parts shall be operable with one hand and shall not require tight grasping, pinching, or twisting of the wrist.  The force required to activate operable parts shall be 5 pounds (22.2 N) maximum.

XIV. INSULATION OF PIPES AND WATER LINES UNDER THE LAVATORY IN RESTROOM NOT PROVIDED AS REQUIRED.
   a. ADAAG 606.5 Exposed Pipes and Surfaces.  Water supply and drain pipes under lavatories and sinks shall be insulated or otherwise configured to protect against contact.  There shall be no sharp or abrasive surfaces under lavatories and sinks.

XV. INACCESSIBLE MIRROR IN RESTROOM. NON COMPLIANT MOUNTED HEIGHT OF MIRROR IN RESTROOM EXCEEDS MAXIMUM HEIGHT ALLOWANCE.
   a. ADAAG 603.3 Mirrors.  Mirrors located above lavatories or countertops shall be installed with the bottom edge of the reflecting surface 40 inches (1015 mm) maximum above the finish floor or ground.  Mirrors not located above lavatories or countertops shall be

       installed with the bottom edge of the reflecting surface 35 inches (890 mm) maximum above the finish floor or ground.

XVI.    INACCESSIBLE URINAL IN RESTROOM. REQUIRED CLEAR FLOOR SPACE NOT PROVIDED AT URINAL IN RESTROOM.

    a.   ADAAG 605 Urinals ADAAG 605.3 Clear Floor Space.  A clear floor or ground space complying with 305 positioned for forward approach shall be provided. ADAAG 305.3 Size.  The clear floor or ground space shall be 30 inches (760 mm) minimum by 48 inches (1220 mm) minimum.

XVII.   NON-COMPLIANT HEIGHT OF URINAL IN RESTROOM EXCEEDS MAXIMUM HEIGHT ALLOWANCE.

    a.   ADAAG 605.2 Height and Depth.  Urinals shall be the stall-type or the wall-hung type with the rim 17 inches (430 mm) maximum above the finish floor or ground.  Urinals shall be 13½ inches (345 mm) deep minimum measured from the outer face of the urinal rim to the back of the fixture.

XVIII.  INACCESSIBLE WATER CLOSET IN RESTROOM. REQUIRED MINIMUM CLEARANCE NOT PROVIDED AT WATER CLOSET IN RESTROOM.

    a.   ADAAG 604 Water Closets and Toilet Compartments ADAAG 604.3 Clearance.  Clearances around water closets and in toilet compartments shall comply with 604.3. ADAAG 604.3.1 Size. Clearance around a water closet shall be 60 inches (1525 mm) minimum measured perpendicular from the side wall and 56 inches (1420 mm) minimum measured perpendicular from the rear wall.

XIX.   REQUIRED GRAB BARS NOT PROVIDED ON REAR AND SIDE WALLS OF WATER CLOSET IN RESTROOM.

    a.   ADAAG 604.5 Grab Bars.  Grab bars for water closets shall comply with 609.  Grab bars shall be provided on the side wall closest to the water closet and on the rear wall.

XX.    NON-COMPLIANT DISTANCE OF WATER CLOSET FROM SIDE WALL IN RESTROOM.

    a.   ADAAG 604.2 Location.  The water closet shall be positioned with a wall or partition to the rear and to one side.  The centerline of the water closet shall be 16 inches minimum to 18 inches maximum from the side wall or partition.

12.    The above listing is not to be considered all-inclusive of the barriers, which exist at the Facility. Plaintiff requires an inspection of the facility, in order to determine all of the ADA violations.

13.    The removal of the physical barriers, dangerous conditions and ADA violations set forth herein is readily achievable and can be accomplished and carried out without much

difficulty or expense. 42 U.S.C. § 12182(B)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R, § 36.304.

14.   Plaintiff is without adequate remedy at law and is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendants are required to remove the physical barriers, dangerous conditions and ADA violations that exist at the facility, including those set forth herein.

15.   The Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. The Plaintiff is entitled to have his reasonable attorney's fees, costs and expenses paid by the Defendants, pursuant to 42 U.S.C., §§ 12205 and 12217.

16.   Pursuant to 42 U.S.C. §12188(a), this Court is provided with authority to grant injunctive relief to Plaintiff, including an order to alter the subject facility to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, and closing the subject facility until the requisite modifications are completed.

**WHEREFORE,** Plaintiff respectfully requests that the Court issue a permanent injunction enjoining Defendants from continuing is discriminatory practices, ordering Defendant to remove the physical barriers to access and alter the subject facility to make it readily accessible  to and useable by individuals with disabilities to the extent required by the ADA, closing the subject facility until the barriers are removed and requisite alterations are completed, and awarding Plaintiff his reasonable attorney's fees, expert fees, costs and litigation expenses incurred in this action.

<div style="margin-left:40%">

Respectfully submitted,
*s/Maria Costanza Barducci*
Maria Costanza Barducci, Esq.
BARDUCCI LAW FIRM
Attorneys for Plaintiff
5 West 19th Street, 10th Floor

</div>

New York, New York 10011
Bar No.: 5070487
Telephone: 212-433-2554
Email: mc@barduccilaw.com